# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:19CR646** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN LISTON,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant John Liston's Motion for Bond. (Doc. 74). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On October 24, 2019, a Grand Jury indicted Defendant with charges stemming from a narcotics conspiracy. (Doc. 15). Count 1, a violation of 21 U.S.C. § 846, mandates a ten-year minimum term of imprisonment. On February 28, 2020, Defendant pleaded guilty to three counts of the Indictment, including Count 1.[1] (Non-Doc. Entry, 2/28/2020). A Sentencing Hearing was set for June 18, 2020.

On March 25, 2020, Defendant filed the current Motion asking for bond prior to Sentencing. (Doc. 74). The Government responded on March 31, 2020 asking the Court to deny Defendant's Motion. (Doc. 82). Defendant filed a Reply on April 3, 2020. (Doc. 86).

---

[1] Defendant pleaded guilty before Magistrate Judge Parker, who recommended that Defendant's plea of guilty be accepted and a finding of guilty be entered by the Court. (Doc. 61). No party has objected to the Magistrate Judge's Recommendation.

## II. LAW & ANALYSIS

A district court "shall order a defendant detained pending sentencing if he has been found guilty of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *United States v. Christman*, 596 F.3d 870, 870 (citing 18 U.S.C. § 3143(a)(2)). An exception to this general rule exists if a judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community and (i) the judge finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) the attorney for the government has recommended that no sentence of imprisonment be imposed on the person. *Id.* at § 3143(a)(2)(A)-(B). Accordingly, § 3143(a) presumes dangerousness and the criminal defendant must overcome this presumption. *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

However, "[a] person subject to detention pursuant to section 3142(a)(2) … may be ordered released … if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). A district court may make a finding of exceptional circumstances. *Christman*, 596 F.3d at 871. But before undergoing an exceptional circumstance analysis, clear and convincing evidence must support a finding that the defendant is not likely to flee or pose a danger if released. *United States v. Christman*, 712 F. Supp. 2d 651, 657 (E.D. Ky. 2010).

Here, Defendant has not overcome the presumption of dangerousness mandated by § 3143(a)(2). Defendant pleaded guilty to the Indictment, which requires a minimum ten-year term of imprisonment. The Court must detain Defendant unless an exception applies. For the following reasons, Defendant cannot show any applicable exception.

As an initial matter, § 3143(a)(2)(i)-(ii) requires the Court to dismiss Defendant's Motion. Since he pleaded guilty, it is unlikely a motion for acquittal or motion for new trial is forthcoming. Moreover, the Government has not recommended that no sentence of imprisonment be imposed. In fact, due to the Plea Agreement, the Government is seeking a sentence within the range of 51-63 months at the time of sentencing. (Doc. 82, PageID: 458). Since Defendant cannot satisfy these necessary preconditions, Defendant's Motion fails.

More importantly, Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community if he is released. Rather, Defendant claims he can reside under GPS monitoring in Lorain where he has ties to the community. (Doc. 74, PageID: 315-16). However, his ties to the community did not prevent him from participating in the current drug conspiracy. In fact, Defendant received shipments of narcotics to his home. Monitoring his use of the mail while at home presents an additional burden to Pretrial Supervision department. Finally, Defendant underplays his violent criminal history. Accordingly, Defendant remains both a danger to the community and a flight risk.

Rather than focusing on his danger to the community or likelihood of flight, Defendant asks the Court to order bond because "the Covid-19 pandemic is a substantial change in circumstances, as it presents a very real danger to those incarcerated." (Doc. 74, PageID: 314). While the Court agrees that COVID-19 is "exceptional" in the normal sense of the word, it does not justify releasing Defendant pending his Sentencing. Defendant does not allege he contracted COVID-19. In fact, he does not allege he has any prior health condition making him an "at-risk" person. As of now, the jails are taking precautions to limit the spread of COVID-19.[2] (Doc. 82,

---

[2] As of April 13, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-13-2020%20%201411.pdf). While the institution is in lockdown, this appears to be a precautionary measure due to one of the institution's contractors testing positive for the virus.

PageID: 459-61).  Moreover, exceptional reasons based on probability, conjecture, intuition or speculation do not justify release.  *Christman*, 712 F. Supp. 2d at 644.  Rather, the exceptional reasons must be "clearly shown" to render detention inappropriate.  *Id.*  Defendant's "legitimate health concerns over contracting the Covid-19 virus" are pure speculation at this point, which cannot count as an exceptional reason.

The Court recognizes Defendant's concerns due to COVID-19.  But Defendant has not satisfied either prong of § 3143(a)(2)(i)-(ii); has not clearly convinced the Court that he no longer is a flight risk or danger to the community; and has failed to clearly show with certainty the current impact of COVID-19 on him personally.  Therefore, Defendant's Motion fails.

### III. CONCLUSION

Accordingly, Defendant's Motion (Doc. 74) is **DENIED**.

**IT IS SO ORDERED.**

                                       s/ Christopher A. Boyko
                                       **CHRISTOPHER A. BOYKO**
                                       **Senior United States District Judge**

**Dated: April 14, 2020**